IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DAIJUAN TAIKAIN TAYLOR,** | : | |
| | : | |
| Plaintiff, | : | Case No. 5:23-CV-00337-TES-CHW |
| | : | |
| v. | : | |
| | : | |
| **Commissioner TYRONE OLIVER,** | : | |
| *et al.*, | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U. S. Magistrate Judge |
| Defendants. | : | |

## ORDER

*Pro se* Plaintiff Daijuan Taikain Taylor, a prisoner confined in Macon State Prison in Oglethorpe, Georgia filed a civil rights complaint brought under 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. ECF No. 2.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

A prisoner seeking to proceed *in forma pauperis* must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

Plaintiff has submitted a certification form completed by the Plaintiff and not by a prison official. ECF No. 2 at 4. Moreover, Plaintiff's inmate account statement is dated April 21, 2023. *See id*. at 5-7. Plaintiff's complaint was signed and docketed

over four months later in August 2023. *See* ECF No. 1 at 6. As previously stated, Plaintiff is statutorily required to submit an inmate account statement for the six-month period immediately preceding the filing of his complaint that has been certified by a prison official. 28 U.S.C. § 1915(a)(2). Accordingly, Plaintiff is **ORDERED** to file a certified account statement signed by a prison official and a copy of his prison trust fund account statement for the preceding six months so that the Court may properly evaluate his motion for leave to appeal *in forma pauperis*.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Here, Plaintiff complains that "prison administration refuse to place [him] on protective custody" after he "reported a sexual assault", reported an "abduction of two of [his] family members by several gangs", and reported "several gang members at the prison are trying to kill, execute [him]". ECF No. 1 at 5. Plaintiff claims this is "neglect to [his] safety and deliberate indefferance (sic)". *Id*.

Plaintiff's complaint in its present form is not sufficient to establish any claim under 42 U.S.C § 1983. Plaintiff names Commissioner Tyrone Oliver, Regional Manager Sikes, and Warden Timothy Sales as Defendants. *Id*. at 1 and 4. However, it is unclear why Plaintiff has named any of these people as Defendants in this action because there are no allegations whatsoever within the body of the complaint that

implicate them in any unconstitutional act. *See id*. at 4-5. A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation"). Conclusory references to "prison administration" as used by the Plaintiff fail to put any certain individual on notice of alleged wrongdoing. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam) (finding that as a general rule, "fictitious party pleading is not permitted in federal court"); *Douglas*, 535 F.3d at 1321-22. Collective liability, when claims are brought against defendants such as "administration" or "staff" or "employees", is not permitted under § 1983, and a plaintiff must name a specific state actor who committed the civil rights violation. *See id.*; *Huey v. Raymond*, 53 F. App'x 329, 330 (6th Cir. 2002) (affirming dismissal as frivolous plaintiff's claims that "prison employees ... were conspiring to make [his] life miserable by poisoning virtually every item of food served to [the plaintiff] in the prison cafeteria, in his cell, and purchased at the canteen").

If Plaintiff is attempting to assert a claim based solely on the supervisory roles of the Defendants, his complaint still fails to state a claim. Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous.").

Stated another way, a plaintiff must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position. *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003).

Nowhere in Plaintiff's complaint is there any allegation that would plausibly support an inference that any of these named Defendants had direct or indirect involvement in any violation of Plaintiff's constitutional rights. *See Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866-67 (11th Cir. 2008) (*per curiam*) (rejecting claim where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two

defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one opportunity to remedy the defects as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). Therefore, Plaintiff is required to submit an amended complaint if he wishes to proceed with his claims.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. When drafting his statement of claims, Plaintiff should list numbered responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1) What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?

(3) When and where did each action occur (to the extent memory allows)?

(4) How were you injured because of this Defendant's actions or inactions?

(5) What legally permissible relief do you seek from this Defendant?

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Thus, Plaintiff's amended complaint will take the place of his original complaint. In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim.

Additionally, Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case. The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff should not otherwise use legal terminology or cite any specific statute or case law. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.

Plaintiff must thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form including but not limited to prior federal civil litigation and his efforts to fully exhaust his administrative remedies prior to filing this civil action. Plaintiff is not to include any exhibits or attachments. ***The recast complaint must be no longer than ten (10) pages in its entirety***.

## CONCLUSION

Presently, an initial review of Plaintiff's complaint reveals that it is subject to dismissal for failure to state a claim for which relief may be granted. If Plaintiff wishes

to proceed with this action, he is **ORDERED** to complete and return a 42 U.S.C. § 1983 complaint form amending his complaint as instructed.  He is further **ORDERED** either to submit a certified copy of his inmate trust fund account for the previous six months so that the Court may properly review his motion to proceed *in forma pauperis* or to pay the full filing fee.

While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address.  Plaintiff shall have **FOURTEEN (14) DAYS** from the date below to comply with this order.  **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.**  There will be **NO SERVICE** of process upon any Defendant in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward to the Plaintiff a copy of this order, a 42 U.S.C. § 1983 complaint form, and the appropriate certification form that is utilized in applications to proceed without prepayment of the filing fee (with the civil action number shown on all).

**SO ORDERED and DIRECTED**, this 15th day of September, 2023.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge