IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DAIJUAN TAIKAIN TAYLOR,** | : | |
| | : | |
| Plaintiff, | : | Case No. 5:23-CV-00337-TES-CHW |
| | : | |
| v. | : | |
| | : | |
| Commissioner **TYRONE OLIVER,** | : | |
| Warden of Care and Treatment | : | |
| **JEFFERYS,** | : | |
| Unit Manager **Troutmen,** [1] | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U. S. Magistrate Judge |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

This case is currently before the Court for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a).  *Pro se* Plaintiff Daijuan Taikain Taylor, a prisoner confined in Macon State Prison in Oglethorpe, Georgia filed a civil rights complaint under 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff also filed a motion for leave to

---

[1] The Court ordered Plaintiff to recast his complaint and informed him that his recast complaint would take the place of the original complaint.  ECF No. 4 at 6-7.  Plaintiff's recast complaint (ECF No. 8) is thus the operative complaint in this civil action. *See Schreane v. Middlebrooks,* 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint unless the amended complaint specifically refers to or adopts the original complaint).  In his recast complaint, Plaintiff renames Commissioner Oliver as a Defendant.  ECF No. 8 at 1 and 4.  However, Plaintiff has removed Warden Timothy Sales and Regional Manager Sikes as Defendants and now adds Warden of Care and Treatment Jefferys and Unit Manager Troutmen as Defendants.  Id.  Thus, the Clerk of Court is **DIRECTED** to remove Warden Sales and Regional Manager Sikes as Defendants in this civil action and add Warden of Care and Treatment Jefferys and Unit Manager Troutmen as Defendants.

proceed *in forma pauperis* without the statutory supporting documents. ECF No. 2. On September 15, 2023, Plaintiff was ordered to submit the statutory documents to support his motion to proceed *in forma pauperis* or to pay the full filing fee. ECF No. 4. Plaintiff was further ordered to recast his complaint and was provided detailed instructions on how to do so. *Id*. Plaintiff was given fourteen (14) days to respond and was informed that failure to comply would result in dismissal of this action. *Id*. Plaintiff failed to respond. Therefore, on October 19, 2023, the Court notified Plaintiff that it had not received a recast complaint nor was the incomplete motion to proceed *in forma pauperis* addressed and ordered Plaintiff to show cause why this action should not be dismissed for failure to comply with the Court's previous order. ECF No. 5. Plaintiff was given fourteen (14) days to respond. *Id*. Plaintiff did not respond. Therefore, on November 13, 2023, the Court dismissed this civil action without prejudice due to Plaintiff's failure to comply with the Court's orders. ECF No. 6. Following the dismissal of this action, Plaintiff submitted a recast complaint (ECF No. 8), a current account statement (ECF No. 10) and a pleading in which he addresses his failure to comply with the Court's orders (ECF No. 9). On November 15, 2023, the order dismissing this civil action was vacated and the Clerk of Court was directed to reopen this case and reinstate Plaintiff's request for leave to proceed *in forma pauperis*. ECF No. 12.

For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is now **GRANTED**. However, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** for abuse of judicial process and for failure

to state a claim for which relief may be granted.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff filed a motion seeking leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. Plaintiff has now submitted a current certified account statement. ECF No. 10. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

    I.    <u>Directions to Plaintiff's Custodian</u>

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing

fee. The clerk of court is **DIRECTED** to send a copy of this Order to the facility where Plaintiff is housed. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

 II. Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is

able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

### I. Dismissal Warranted for Abuse of the Judicial Process due to Plaintiff's Failure to Disclose His Litigation History

Plaintiff drafted his complaint on a standard § 1983 complaint form which requires a *pro se* plaintiff to make disclosures regarding past federal lawsuits.  ECF No. 1 at 2-3. In response to questions regarding past federal litigation, Plaintiff marked through each question with "N/A".  *See id*.  In this Court's order to recast the complaint, Plaintiff was specifically instructed that he must "thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form including but not limited to prior federal civil litigation …".  ECF No. 4 at 6.  Plaintiff ignored the Court's order. In his recast complaint, he scratched through that portion of the standard form which states that "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN DISMISSAL OF THIS CASE" and wrote the words "under protest".  ECF No. 8 at 2.  He again failed to list any previous litigation he has brought in the federal courts and indicates that none are applicable by answering this question repeatedly with "N/A".  *See id*. at 2-3.

A review of PACER records indicates that Plaintiff has been a litigant in at least three (3) other federal lawsuits while incarcerated. [2]

---

[2] Plaintiff has filed his lawsuits under three different names, DaiJuan Taikain Taylor, Dai-Juan Taikain Taylor, and Dai-Juan Taikain El-Elyon©.  It is apparent that each of these lawsuits has been filed by the same litigant.

5

1) *El-Elyon v. Ward*, 1:20-cv-2391 (N.D. Ga. Aug. 16, 2021)

2) *El-Elyon v. Ward*, 1:21-cv-477 (N.D. Ga. Dec. 5, 2022)

3) *Taylor v. Olgolsbee*, 6:23-cv-30 (S.D. Ga. Aug. 15, 2023) (which was previously filed on April 27 2023 in the Middle District of Georgia in *Taylor v. Olgolsbee*, 3:23-cv-51 and then transferred to the Southern District of Georgia on April 28, 2023)

These lawsuits were all filed in the past three years, with the most recent being dismissed, within a couple of weeks of filing the present civil action, for failure to state a claim and as frivolous. ECF Nos. 13 and 14 in *Taylor v. Olgolsbee*, 6:23-cv-30 (S.D. Ga. Aug. 15, 2023). Thus, Plaintiff was well aware he had previous lawsuits when he falsely notified this Court that the questions regarding previous lawsuits were not applicable to him. *See Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010) (per curiam) ("Even if [the plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits").

A prisoner's failure to disclose his full litigation history, when requested to do so, is not considered a minor omission. Such information is highly relevant where, as here, a prisoner seeks to proceed without prepayment of the filing fee, as the court has a duty to enforce the statutory three strikes bar, 28 U.S.C. § 1915(g). This information is also necessary for the court to determine, prior to service, whether a prisoner's claims are related to (or should be considered in connection with) another pending action and—more importantly—whether any claims or issues in the current complaint have already been

6

decided.  *Williams v. Wiggins*, No. 6:09–cv–943, 2010 WL 4983665, at *2 (M.D. Fla. Dec. 2, 2010).  Reliable disclosures are thus essential for an efficient and effective screening of the large number of *pro se* prisoner complaints received by this Court.  See 28 U.S.C. § 1915A(a).  And as other courts within this Circuit have reasoned, if *pro se* plaintiffs suffered no substantial penalty for providing false or misleading information in the complaint, "there would be little or no disincentive" for prisoners to attempt to evade the requirement that such disclosures be made. *Williams*, 2010 WL 4983665 at *4 (internal quotation marks omitted).

"Although *pro se* pleadings are held to a less stringent standard, a plaintiff's *pro se* status does not excuse mistakes regarding procedural rules."  *Sears*, 509 F. App'x at 936 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).  A prisoner's "failure to comply with court rules requiring disclosures about his previous litigation" may constitute "an abuse of the judicial process warranting dismissal" of the party's pleading as frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).  *Sears*, 509 F. App'x at 936; *see also Shelton*, 406 F. App'x at 340-41 (11th Cir. 2010) (affirming dismissal of prisoner's complaint where prisoner "checked 'no' to the question on the complaint form asking whether he had filed any other actions in state or federal court" but case management system revealed at least four other actions filed in federal court).  Dismissal is also proper under 28 U.S.C. § 1915 where a plaintiff engages in bad faith litigiousness or manipulative tactics.  *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 225 (11th Cir. 2011) (per curiam).  In addition, Federal Rule of Civil Procedure 11(c) permits

a court to impose sanctions, including dismissal, for "knowingly fil[ing] a pleading that contains false contentions." *Id*. at 225–26 (citing Fed. R. Civ. P. 11(c)).

Even where a prisoner has later provided an explanation for his lack of candor, the Court has generally rejected the proffered reason as unpersuasive. *See, e.g., Redmon*, 414 F. App'x at 226 ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit—that he misunderstood the form—did not excuse the misrepresentation and that dismissal was a proper sanction."); *Young v. Sec'y Fla. for Dep't of Corr*., 380 F. App'x 939, 941 (11th Cir. 2010) (finding that not having documents concerning prior litigation and not being able to pay for copies of same did not absolve prisoner plaintiff "of the requirement of disclosing, at a minimum, all of the information that was known to him"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("The objections were considered, but the district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Plaintiff has filed at least three other previous lawsuits, yet he overtly and consciously failed to divulge any of his litigation history to a district court when specifically instructed to do so. Therefore, Plaintiff's complaint is subject to *sua sponte* dismissal as malicious under § 1915A(b)(1) for abusing the judicial process due to his "failure to comply with court rules requiring disclosures about his previous litigation". *Sears*, 509 F. App'x at 936. It is thus **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** for abuse of the judicial process and therefore malicious

under 28 U.S.C. § 1915A(b)(1). *See id*; *Shelton*, 406 F. App'x at 340-41 (affirming dismissal of prisoner's complaint where prisoner "checked 'no' to the question on the complaint form asking whether he had filed any other actions in state or federal court" but case management system revealed at least four other actions filed in federal court).

## II. Dismissal Warranted for Failure to State a Claim

### A. Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller*

*v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

  II.  <u>Factual Allegations</u>

Plaintiff complaint arises from his incarceration at Macon State Prison. ECF No. 8

at 5. Plaintiff complains that has been denied placement into protective custody since October 2022. *Id*. Plaintiff states he "reported directly to each of the Defendant that [he] had been sexually assaulted, [his] siblings kiddnapped and GDC staff have a conspiracy to comitte murder against [him]". *Id*. Plaintiff includes with his complaint a Georgia Department of Corrections grievance appeal response. ECF No. 8-4. The appeal response includes Plaintiff's allegations that the "Georgia Department of Corrections has a military grade scanner called the JPSI and is mishandling the device" and that inmates and staff utilize the device to hear Plaintiff's thoughts and to see into his cell. *Id*.

### III.     Plaintiff's Claims

Plaintiff's claim appears to be that his constitutional rights have been violated since the prison has refused to place him in protective custody although he has been requesting it since October 2022. However, an inmate does not have a constitutional right to protective custody simply because he requests it. *See e.g.*, *Heath v. Perry*, No. 5:19-cv-188-TES-MSH, 2020 WL 3442210, at *6 (M.D. Ga. June 3, 2020), *report and recommendation adopted*, No. 5:19-cv-188-TES-MSH, 2020 WL 3440938 (M.D. Ga. June 23, 2020); *Ogles v. Trimble*, No. 5:15-cv-54-MTT, 2016 WL 491848, at *5 (M.D. Ga. Jan. 5, 2016) *recommendation adopted by* 2016 WL 498255 (M.D. Ga. Feb. 8, 2016). "The decision to place a prisoner into protective custody is one that would 'arise in the day-to-day operation of a corrections facility [that is] not susceptible of easy solutions.' Normally, courts must defer to the 'professional expertise of corrections officials' regarding such administrative determinations." *Jolly v. Van Peavy*, No. 5:12-cv-241-MTT, 2012 WL

4829269, at *3 (M.D. Ga. Aug. 30, 2012) *recommendation adopted by* 2012 WL 4829515 (M.D. Ga. Oct. 10, 2012) (quoting *Bell v. Wolfish*, 441 U.S. 520, at 547-48 (1979)) (granting dismissal of claim based on failure to place detainee in protective custody).

Furthermore, in the prison setting, a risk of harm to some degree always exists by the nature of it being a prison. *Purcell ex rel. Est. of Morgan v. Toombs Cnty., Ga,* 400 F.3d 1313, 1323 (11th Cir. 2005). To state a valid § 1983 claim, a plaintiff must specify the actions or omissions by each named defendant and explain how those actions and omissions have caused him harm or places him at risk of a strong likelihood of harm. See *Carter v. Galloway,* 352 F.3d 1346, 1349 (11th Cir.2003) ("A prison official violates the Eighth Amendment when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk."); *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019); *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). Indeed, Plaintiff was previously advised that the allegations within his complaint were vague and conclusory. *See* ECF No. 4 at 2-6. He was, therefore, provided with a roadmap on how to present his claims more precisely. *See id*.

Despite the Court's guidance, Plaintiff's recast complaint is replete with conclusory allegations lacking factual support. *See* ECF No. 8. There is a complete absence of factual details necessary to state any claim by Plaintiff against any defendant. *See id*. For instance, Plaintiff never provides details such as (1) when, where, and by whom he was sexually assaulted; (2) which siblings have been kidnapped and from where and by whom nor details as to any investigations into those kidnappings; (3) the factual basis for

Plaintiff's belief that there is a conspiracy amongst GDOC staff and inmates to kill him and when, where, and how was that conspiracy developed; or (4) specifically how and when Plaintiff notified each Defendant of his allegations. *See id*.

While a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle [ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ...." *Twombly,* 550 U.S. at 555-6 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Indeed, as to conspiracy claims, "[i]t is not enough to simply aver in the complaint that a conspiracy existed." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) (citations omitted); *see also Van Bethel v. Carter*, No. 5:12–cv–01153, 2012 WL 5932682 at *2, (N.D. Ala. Oct. 12, 2012) ("[a]llegations of conspiracy must be specific and based upon facts rather than conclusions."). In short, the conclusory allegation that the Defendants have somehow violated Plaintiff's constitutional rights for failing to place him in protective custody since October 2022 and that there is a conspiracy to murder him fails to state a claim. *See Oxford Asset Mgmt. Ltd., v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted) (stating that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal"); *Fullman*, 739 F.2d at 556-7(citations omitted) ("A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy.").

To the extent that Plaintiff's claims are based in the allegations contained within his grievance that the Georgia Department of Corrections and other inmates are using a

13

military grade scanner to spy on the Plaintiff and read his thoughts (ECF No. 8-4), his claim still fails. The liberal construction that applies to pro se pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless" the complaint should be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Examples of "clearly baseless" factual allegations are those "describing fantastic or delusional scenarios." *Id*. at 328; *Denton v. Harnandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325-28) (stating that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or delusional). Here, Plaintiff's allegations of a mind reading and controlling device being utilized against him to possibly kill him fails to satisfy the minimal standards of rationality required at the preliminary screening stage because they are "fanciful, fantastic, irrational, and/or delusional." *Porter v. Governor of the State of Fla*., 667 F. App'x 766, 767 (11th Cir. 2016) (citing *Denton*, 504 U.S. at 32-33). Where, as here, "the facts alleged rise to the level of the irrational or the whole incredible," dismissal is appropriate. *Gray v. U.S. Government*, 540 F. App'x 916, 917 (11th Cir. 2013) (quoting *Denton*, 504 U.S. at 32-33).

For all the reasons set forth above, it is further **RECOMMENDED** that this complaint also be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim for which relief may be granted.

## OBJECTIONS

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections

to these recommendations with the Honorable Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this recommendation. The parties may seek an extension of time to file objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection should be no longer than **TWENTY (20) PAGES** in length. See M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. See 11th Cir. R. 3-1.

     **SO ORDERED AND RECOMMENDED**, this 30th day of November, 2023.

                                              s/ Charles H. Weigle
                                              Charles H. Weigle
                                              United States Magistrate Judge