IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DAIJAUN TAIKAIN TAYLOR,**  *Plaintiff*,  v.  **Commissioner TYRONE OLIVER**, *et al.*,  *Defendants.* | **CIVIL ACTION NO.**  **5:23-cv-00337-TES-CHW** |

**ORDER ADOPTING THE UNITED STATES**
**MAGISTRATE JUDGE'S RECOMMENDATION**

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 13] following preliminary review of Plaintiff Daijuan Taikain Taylor's Recast Complaint [Doc. 8] pursuant to 28 U.S.C §§ 1915A(a) and 1915(e). [Doc. 13, pp. 9–14]. In addition to his recommendation that dismissal is warranted because Plaintiff fails to state a claim upon which relief may be granted, the magistrate judge also states that the Court should dismiss Plaintiff's lawsuit based on Plaintiff's failure to disclose his previous litigation history. [*Id.* at pp. 5–9]. Plaintiff filed an Objection [Doc. 14]. Therefore, the Court must "make a de novo determination of those portions" of the Recommendation to which he objected. 28 U.S.C. § 636(b)(1)(C).

In addition to his Objection, Plaintiff also filed an Amended Complaint [Doc. 15] in an apparent effort to cure his pleading deficiencies as outlined in the magistrate

judge's Recommendation. [Doc. 13, pp. 10–14]. However, after Plaintiff filed his initial Complaint [Doc. 1], the magistrate judge specifically advised Plaintiff that he would have "one opportunity to remedy the defects" in a recast complaint. [Doc. 4, p. 5]. Plaintiff was further instructed that he must thoroughly and completely answer each question presented in the Court's standard form for cases asserting claims pursuant 42 U.S.C. § 1983, including but not limited to, prior federal civil litigation. [*Id.* at p. 6]. Plaintiff filed a Recast Complaint [Doc. 8]. This Recast Complaint does not constitute "a matter of course" amendment since there has been no service in this case. *Jamison v. Long*, 5:19-cv-00457-TES-MSH, 2021 WL 2936132, at *2–4 (M.D. Ga. July 13, 2021). Therefore, Plaintiff was "free to amend his pleading" and did so by filing the Amended Complaint contemporaneously with his Objection. *Id.*

Plaintiff's latest pleading, though, still fails "to cure [the] deficiencies." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Amended Complaint is futile in that it remains vague, conclusory, and still fails to state a claim for which relief may be granted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying [plaintiff's] request to amend her complaint because an amendment would have been futile."). Therefore, the Court **DISMISSES without prejudice** Plaintiff's Amended Complaint [Doc. 15] under 28 U.S.C. § 1915A for failure to state a claim for which relief may be granted.

More importantly, Plaintiff has unquestionably shown bad faith in that, even after being specifically instructed to list his litigation history, he defiantly chose not to do so "under protest." [Doc. 4, p. 6]; [Doc. 8, p. 2]; *see Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (holding that the district court did not abuse its discretion in dismissing a complaint without allowing the plaintiff "to correct" his prior litigation history after being sanctioned for failing to do so); *Merritt v. Dep't of Corrs.*, No. 5:19-cv-144-TKW/MJF, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020) ("[A]llowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form.").

Regarding his litigation history, Plaintiff objects to the magistrate judge's suggestion that Plaintiff "intentionally . . . abuse[d] the judicial process." [Doc. 14, pp. 1–2]. In his Objection, Plaintiff says he "simply didn't have the records of the past cases." [*Id.* at p. 2]. As previously stated, though, Plaintiff clearly asserts in his Recast Complaint that he is not providing his litigation history "under protest." [Doc. 8, p. 2]. Now, after being served with the magistrate judge's Recommendation detailing the Court's review of Public Access to Court Electronic Records ("PACER") and listing Plaintiff's previous litigation history, Plaintiff "confirms the same" in his Objection hoping that his confirmation will be sufficient to avoid dismissal of this action. [Doc. 14, p. 2]; *see also* [Doc. 13, p. 6]. However, the Court will not now allow Plaintiff to rescind

his "protest" just because he faces the sanction of dismissal. The Court agrees with the magistrate judge that dismissal is warranted on this record. Instead of refusing to provide any pertinent litigation history "under protest," Plaintiff certainly could have—rather simply—just recollected (at a minimum) that he had filed three lawsuits in the past three years even if he couldn't recall and disclose specifics about each case or against whom he filed suit. [Doc. 8, p. 2]; [Doc. 13, p. 6 (citing *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010) (per curiam) ("Even if [the plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits"))]. Since Plaintiff—because of this lawsuit—now has a record of his litigation history, he may, as he states in his Objection, "refile." [Doc. 14, p. 2]. Accordingly, the Court **ADOPTS** the United States Magistrate Judge's Recommendation [Doc. 13] that this action should be dismissed for abuse of the judicial process and therefore malicious pursuant to 28 U.S.C. § 1915A(b)(1). [Doc. 13, pp. 8–9].

Given Plaintiff's failure to disclose his previous litigation history, the Court **DISMISSES** this action **without prejudice**. [Doc. 13, pp. 5–9]; *Stephenson v. Warden, Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) ("A dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply re-file."); *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir.1993) (holding that where "an order 'has the effect of precluding [a plaintiff] from refiling his claim due to the running of the statute of limitations . . . [t]he dismissal [is] tantamount to a dismissal with

prejudice[]'").

As for Plaintiff's remaining arguments in his Objection, the Court reviewed those as well and finds them to be without merit. [Doc. 14, pp. 3–4]. Obviously aimed at the magistrate judge's assertion that portions of Plaintiff's allegations are "clearly baseless," Plaintiff does not state why he believes that assertion is erroneous or contrary to law. [Doc. 13, p. 14]. Instead, Plaintiff merely argues that the magistrate judge's Recommendation is "downright offensive" and "insulting." [Doc. 14, p. 3]. While Plaintiff clearly just disagrees with the magistrate judge's assessment of his allegations regarding possession of military grade scanners by Georgia Department of Corrections personnel that can "hear his thoughts," he forgets that *in forma pauperis* proceedings affords judges "the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Nothing in Plaintiff's Objection convinces the Court that the magistrate judge's Recommendation is incorrect.

For the reasons set forth above, the Court **ADOPTS** the United States Magistrate Judge's Recommendation [Doc. 13] that this action should be dismissed for abuse of the judicial process and therefore malicious under 28 U.S.C. § 1915A(b)(1) **AND MAKES IT THE ORDER OF THE COURT**. The Court further **ADOPTS** the United States Magistrate Judge's Recommendation that Plaintiff's Recast Complaint [Doc. 8] fails to state a claim for which relief may be granted. However, since Plaintiff's Amended

Complaint [Doc. 15] is the operative pleading in this case, this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A because it fails to state a claim upon which relief may be granted. *Harris v. Sproul*, No. 1:13-cv-53 (WLS), 2013 WL 6198199, at *2–3 (M.D. Ga. Nov. 26, 2013); *Jamison*, 2021 WL 2936132, at *2–4 (citing *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.")). If Plaintiff so chooses, he may simply refile a lawsuit that states a claim for which relief may be granted and—at that time—disclose his complete litigation history at the outset.

**SO ORDERED**, this 21st day of December, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**